## YAZOO & M. V. R. CO. *v.* MONROE.

[70 South. 689.]

MASTER AND SERVANT. *Contract. Compensation.*

> Where under the contract of service either party could terminate it at pleasure, a servant who only worked seven days in a month before he was discharged, can only recover for such time as he worked and not for the whole month.

APPEAL from the circuit court of Adams county.
HON. E. E. BROWN, Judge.

Suit by Gale Monroe against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

*Mayes & Mayes*, for appellant.

We respectfully insist that appellant's motion to exclude the evidence and direct a verdict for it, should have been sustained. Plaintiff's case failed utterly, by reason of the fact that, according to his own statement of the terms of his contract, the employment was for an indefinite period, to endure solely at the will of the parties.

On pages 14 and 15 of the record, appellant attempted to prove the rule, which plaintiff admits, above, he knew of, and that it formed a part of his contract, but the court would not allow this to be done. This was plainly reversible error. 8 Am. & Ann. Cas., note, 281.

For the foregoing reasons, we respectfully insist that this case should be reversed, and that plaintiff below, appellee here, be awarded a judgment for fifteen dollars, and taxed with all costs of this suit (Sec. 771, Code of 1906); or, failing in this, that the case be reversed, and remanded for further trial.

*M. W. Reily*, for appellee.

Appellant contends that plaintiff's case failed by reason of the fact that by the terms of the contract the employment was for an indefinite period to endure solely at the will of the parties. Counsel attempts to substantiate this claim by the questions and answers appearing on page 11 of the Record.

It is impossible, after reading the full testimony of the appellee, for an unbiased mind to reach any other conclusion than that the appellee was employed to work by the month for the appellant at a stated salary, and that the appellant had the right to discharge the appellee at the end of any one month. It is true that when counsel for appellant asked appellee: "If he did not know at the time of his employment that the appellant employed its men at the will of the company as long as they could agree, and that the railroad company had the

right to dispense with the service of any man at any time'' that the appellee answered "yes sir."

It is further true that when counsel for appellant asked appellee the following question: "You told me a while ago that when you took this employment you understood that the railroad company employed its men at their will subject to be discharged at any time. You did understand that?" that the appellee answered: "Yes sir; that part." However, the appellee testified that when employed, that the agent of appellant "informed me that I was to work by the month as check-clerk.

The substance of the answers of appellee to the questions of counsel for appellant amounts to the same, to wit: that he was employed by the month and that he never knew or understood that the railroad company would dismiss him without cause during the month, without paying him a month's salary. He did understand that for just cause he might have been discharged, or as he testified "If you are entitled to be fired."

The contention of appellant that this cause should be reversed because the court refused to allow the appellant to prove the rule of the appellant touching the employment of its servants, is of no weight because no rule of the company could affect the rights of appellee unless he knew of them and agreed to them at the time that he was employed, and the appellee testified positively that he understood that he was employed by the month that the company had no right to discharge him; otherwise that at the end of a month, except for just cause. If that was the contract which existed between the appellant and appellee, no amount of evidence proving a rule of the company would possibly affect the rights of appellee. The court will remember that the man who employed the appellee and made the contract with him did not testify upon the trial of this case and did not deny that the terms under which appellee was employed were just as the appellee contends that they were.

For the above reasons I respectfully submit that this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Adams county, where appellee recovered judgment for sixty dollars claimed to be due him as wages by appellant. The whole testimony in this case shows conclusively there was a contract of employment between appellant and appellee which might be terminated at any time at the will of either the employer or the employee. Appellee worked seven days for appellant during the month of January, 1913, for which he was entitled to recover; but under the contract of employment, and the rules and custom of appellant, which the appellee states that he knew at the time of employment, the appellee cannot recover wages for the full month of January, which he did not earn, but is entitled to the sum of fifteen dollars, which was tendered, the amount earned by him before he was dismissed from the service of appellant.

In view of these conclusions, this case is reversed, and judgment entered here for appellee for the sum of fifteen dollars, and taxing appellee with all costs in the court below and here.

*Reversed.*